UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDDIE O. RODRIGUEZ,

                Petitioner,

    v.                                           Civ. No. 9:02-CV-0512
                                                          (NAM/GHL)

CHARLES GREINER, Superintendent,

                Respondent.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **For the Petitioner:** | |
| PARTRIDGE, ANKNER<br>& HORSTMANN, LLP<br>200 Berkeley Street<br>16th Floor<br>Boston, MA 02116 | **PETER C. HORSTMANN, Esq.** |
| **For the Respondent:** | |
| HON. ELIOT SPITZER<br>Office of Attorney General<br>State of New York<br>120 Broadway<br>New York, NY 10271 | **ROBIN A. FORSHAW, Esq.**<br>Assistant Solicitor General |

**NORMAN A. MORDUE**
**U.S. DISTRICT JUDGE**

<u>**ORDER**</u>

**I.**    <u>**Background**</u>

      On April 11, 2002, petitioner Eddie O. Rodriguez filed, with the assistance of counsel, an application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Petition (Dkt. No. 1).  In his memorandum of law filed in support of that application, Rodriguez noted that in the criminal proceeding challenged by his petition, law enforcement agents created numerous

audiotape recordings of the telephone calls that were being monitored by the police in accordance with an eavesdropping warrant obtained by the authorities. *See* Dkt. No. 4 at p. 7. During its case-in-chief against Rodriguez, the prosecutor provided the jury with a written transcript reflecting the contents of one of those tape recordings. *Id.* at p. 8. When the prosecution sought permission to play to the jury the audiotape from which that transcript was derived, defense counsel lodged an objection and, following an off-the-record discussion between the trial court, defense counsel and the prosecutor, the transcripts of that recording were collected from the jury members and they were instructed to disregard anything that they may have read in the transcript. *See* Transcript of Trial of *State v. Rodriguez et al.* (10/14/97) ("Trial Tr.") at pp. 1508-09. The County Court thereafter determined that a portion of the tape could be played to the jury based upon its finding that such portion was relevant to the charges brought against Rodriguez. *Id.* at pp. 1509-11. After that section of the tape was played to the jury, defense counsel moved for a mistrial, arguing that she had never been provided with a transcript of the tape until moments before it was played to the jury and that Rodriguez's defense had been "substantially damaged" by the playing of the tape. *Id.* at pp. 1511-12. Although the County Court acknowledged that the prosecutor had violated a court directive relative to the procedure the prosecution was to utilize prior to its use of audiotape evidence at Rodriguez's trial, the trial court nevertheless denied the mistrial motion and instead sanctioned the prosecution by providing the jury with an adverse inference charge. *See* Transcript of Charge Conference (11/8/97) ("Charge Tr.") at p. 233; *see also* Trial Tr. at pp. 1513-15.

Rodriguez claimed in his federal habeas petition, as he did in his state court *coram nobis* application, that his appellate counsel rendered ineffective assistance by failing to argue on appeal that the County Court erred in denying defense counsel's motion for a mistrial based upon the

2

prosecution's use at trial of the above-described tape and/or transcript. *See* Dkt. No. 4 at pp. 20-21; *see also* Dkt. No. 12, Exh. C.

After reviewing the state court records, the parties' submissions in the present federal habeas proceeding and the applicable law, this Court concluded, *inter alia*, that the Appellate Division's decision denying the portion of Rodriguez's *coram nobis* application which challenged this aspect of appellate counsel's performance was neither contrary to, nor an unreasonable application of, relevant Supreme Court precedent. The Court accordingly denied this and all claims raised by Rodriguez in his habeas petition. *See* Decision and Order dated November 22, 2005 (Dkt. No. 19) ("November, 2005 Order") at pp. 12, 16-17.

Presently before this Court is a motion filed by Rodriguez seeking reconsideration of that order pursuant to Rules 59 and 60(b) of the Federal Rules of Civil Procedure.[1] *See* Dkt. No. 22. In the alternative, petitioner seeks a Certificate of Appealability so as to permit him to appeal that order to the Second Circuit.

**II.     Discussion**

    **A.     Applicable Standard**

An application seeking reconsideration of a final order of a district court may only properly be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[1] Fed.R.Civ.P. 59(e) provides that motions to alter or amend judgments are to be filed no later than 10 days after entry of the judgment. Fed.R.Civ.P. 60(b) discusses the bases upon which a federal court may properly provide relief from a prior judgment or order.

3

>discharged, or a prior judgment upon which it is based has been
>reversed or otherwise vacated, or it is no longer equitable that the
>judgment should have prospective application; or (6) any other
>reason justifying relief from the operation of the judgment.

*See* Fed.R.Civ.P. 60(b).

In the present application, Rodriguez has not clearly alleged the basis for his application seeking reconsideration of this Court's November, 2005 Order, however it appears as though petitioner alleges that this Court mistakenly determined that petitioner was not entitled to the habeas relief sought by his petition. *See* Dkt. No. 23 at pp. 1-3.[2]

### B. Substance of Motion for Reconsideration

Rodriguez seeks reconsideration of the portion of this Court's November, 2005 Order that denied his habeas claim which argued that his appellate counsel rendered ineffective assistance by failing to argue on appeal that the trial court erred in denying defense counsel's motion for a mistrial. *See* Dkt. No. 23 at p. 1; *see also* November, 2005 Order at pp. 16-17. In support of his motion, Rodriguez argues that there was "no support for the Court's conclusion" that appellate counsel refrained from raising such claim on appeal due to the admittedly significant burden counsel was required to shoulder had that issue been pursued on appeal. Dkt. No. 23 at p. 1. Petitioner contends that there was "no obvious strategic reason for counsel to have omitted the mistrial issue" from his appellate brief, *id*. at p. 2, and that, at a minimum, an evidentiary hearing is necessary to determine whether counsel's failure to raise this issue on appeal was either an

---

[2] Courts have typically held that a petitioner may not properly seek relief under Fed.R.Civ.P. 60(b)(6) where the petitioner alternatively seeks such relief pursuant to other provisions of that Rule. *See New York v. Green*, 420 F.3d 99, 108 n.3 (2d Cir. 2005) ("Rule 60(b)(6) [is] proper only where the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)") (citing *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)) *see also Eubanks v. United States*, Nos. 92 CR. 392, 97 CIV. 3891, 2005 WL 1949474, at *4. However, since Rodriguez has not clearly asserted the basis upon which the instant application has been brought, this Court has broadly construed the present application as one seeking reconsideration under any of the provisions of Fed.R.Civ.P. 60(b).

appellate strategy on the part of counsel or ineffective assistance.  *Id.* at p. 3.

In denying this aspect of Rodriguez's habeas claim, this Court noted that in New York, before a trial court may properly declare a mistrial, it must "explore appropriate alternatives and ... abort the trial only as a last resort."  November, 2005 Order at p. 10 (citations omitted).[3]  This Court reasoned that because appellate counsel would have been required to shoulder a heavy burden by arguing on appeal that the trial court had abused its discretion in denying the mistrial motion, appellate counsel's decision not to challenge the County Court's denial of the mistrial application could be viewed as a strategic choice of appellate counsel, rather than an objectively unreasonable omission on counsel's part.  November, 2005 Order at pp. 11-12.

Rodriguez's current argument that an appellate claim challenging the County Court's denial of the mistrial motion was a "significant and obvious issue" which appellate counsel wrongfully failed to pursue on appeal, *see* Dkt. No. 23 at p. 3, appears to overlook the fact that prior to Rodriguez's direct appeal of his conviction, the Third Department had clearly held that "[t]he decision to declare a mistrial necessarily rests in the broad discretion of the Trial Judge, who is best situated to consider all the circumstances and determine whether a mistrial is actually required, and such determination should be afforded great deference by appellate courts."  *People v. Jean-Pierre*, 169 A.D.2d 932, 933 (3d Dept. 1991) (citing *Matter of Plummer v. Rothwax*, 63 N.Y.2d 243, 250 (1984)).

The County Court's determination that the prosecutor's conduct did not warrant granting

---

[3]  In the underlying criminal case, the County Court fashioned and provided the jury with an adverse inference charge in lieu of granting defense counsel's request for a mistrial.  *See* November, 2005 Order at pp. 10-11 (citations to the record omitted).

the mistrial motion,[4] coupled with Third Department precedent which expressly acknowledged the "great deference" to be afforded a trial court's decision relating to a mistrial application, supports the determination that it was not objectively unreasonable for appellate counsel to have refrained from raising this issue on appeal.  As the Second Circuit observed in *Sellan v. Kuhlman*, 261 F.3d 303 (2d Cir. 2001), the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  *Sellan*, 261 F.3d at 317 (internal quotation and citations omitted); *see also Brown v. Filion*, No. 03 CIV. 5391, 2005 WL 1388053, at *16 (S.D.N.Y. June 13, 2005) (citations omitted), *adopted*, 2005 WL 2159675 (S.D.N.Y. Sept. 6, 2005).

In light of the significant hurdle facing any appellate challenge to the trial court's decision denying the mistrial application, particularly where, as here, the County Court suggested that the defense was not prejudiced by the conduct upon which the mistrial application was based, this Court re-affirms its prior determination that Rodriguez has failed to establish that appellate counsel's conduct relating to this issue was objectively unreasonable.  *E.g.*, November, 2005 Order at pp. 14-15.

"A simple difference of opinion, no matter how deep it runs, will not warrant reconsideration."  *United States v. Couch*, No. 04-CR-570, 2005 WL 2250848, at *3 (N.D.N.Y. Sept. 14, 2005) (quoting *United States v. Chiochvili*, 103 F.Supp.2d 526, 528 (N.D.N.Y. 2000)) (Kahn, J.).  In the present matter, although Rodriguez firmly believes that appellate counsel rendered ineffective assistance in failing to assert the above argument on appeal, this Court

---

[4] This Court notes that the County Court specifically expressed its doubt as to whether Rodriguez was prejudiced by the conduct that formed the basis of the mistrial application; the records reflect that the trial court declared that it was "at a loss to see" how Rodriguez was prejudiced by the prosecutor's actions.  *See* Trial Tr. at p. 1515.  Even after defense counsel was afforded an opportunity to make an *in camera* showing of her claim of prejudice, *id*, the County Court expressed its doubt that Rodriguez was prejudiced at all by the prosecution's conduct.  *See* Charge Tr. at p. 173.

concludes, as it did in its November, 2005 Order, that petitioner has failed to demonstrate that he received the ineffective assistance of appellate counsel. He has therefore necessarily failed to establish that the Third Department's decision rejecting that claim in the context of Rodriguez's *coram nobis* application is either contrary to, or an unreasonable application of, the relevant Supreme Court precedent referenced by this Court in its November, 2005 Order.

Since Rodriguez has not demonstrated that reconsideration of this Court's November, 2005 Order is warranted under Rule 60(b) of the Federal Rules of Civil Procedure, this Court denies the present motion for reconsideration in its entirety.

### C.    Request for Certificate of Appealability

Finally, as to Rodriguez's alternative request that this Court grant him a Certificate of Appealability, *see* Dkt. No. 22, this Court notes that such a certificate may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005) (citing 28 U.S.C. § 2253(c)). That standard is met where "'reasonable jurists could debate whether ... the petition should have been resolved in a different manner or ... the issues presented [are] adequate to deserve encouragement to proceed further.'" *Love*, 413 F.3d at 195 (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)) (citations and quotation omitted).

After carefully considering this issue, this Court finds that Rodriguez has failed to make such a showing herein as to any of the claims raised in his habeas petition. Therefore, this Court denies his request for a Certificate of Appealability.

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that Rodriguez's motion for reconsideration (Dkt. No. 22) is **DENIED**, and it is further

**ORDERED**, that petitioner's request for a Certificate of Appealability (Dkt. No. 22) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties by regular or electronic mail.

DATE:   December 30, 2005

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge